# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WASHINGTON FINE WINE & SPIRITS, LLC, a Washington limited liability company doing business as TOTAL WINE & MORE; and DOES 1–20,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01737<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

Defendant Washington Fine Wine & Spirits, LLC, d/b/a Total Wine & More ("WFW&S"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of Washington for King County, Case No. 23-2-19212-5 SEA, to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. In support of removal, WFW&S provides this statement of the grounds for removal. 28 U.S.C. § 1446(a).[1]

---

[1] Nothing in this Notice is intended as a concession of liability, appropriateness of class treatment, or the accuracy of Plaintiff's allegations. WFW&S reserves all defenses on the merits and to class certification. WFW&S reserves the right to supplement and amend this Notice in the event that Plaintiff contests the grounds for removal.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## I.   TIMELINESS OF REMOVAL

Plaintiff Jacob Atkinson filed a Class Action Complaint for Damages ("Complaint") against WFW&S in the Superior Court of the State of Washington for King County, Case No. 23-3-19212-5 SEA, on October 5, 2023. Plaintiff alleges that WFW&S violated the Revised Code of Washington 49.58.110 by failing to post the wage scale or salary range for a Seattle-based "Sales Associate" job. The law became effective January 1, 2023. WFW&S was served on October 11, 2023. A copy of the Complaint served upon WF&S is attached as Exhibit A to the Declaration of Adam T. Pankratz ("Pankratz Decl."), filed concurrently herewith. A copy of all orders and process served upon WFW&S are attached as Exhibits B-G to the Pankratz Decl. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service. 28 U.S.C. § 1446(b).

## II.   BASES FOR REMOVAL

The basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists where "an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000." *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal quotation marks omitted). Both requirements are met here.

**A.   Complete Diversity of Citizenship Exists.**

Atkinson alleges that he "is a resident of King County, Washington." Pankratz Decl., Ex. A, ¶ 8. WFW&S can rely on this residency allegation to establish citizenship for purposes of diversity jurisdiction. *Aminiasl v. Volkswagen Grp. of Am., Inc.*, 2023 U.S. Dist. LEXIS 68803, *5 (C.D. Cal. Apr. 19, 2023) ("a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint") (citing cases).

However, diversity of parties "speaks of citizenship, not of residency," and a "natural person's state citizenship is . . . determined by her state of domicile," which "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Rapid Readymix Co. v. Concrete Strategies LLC*, 2023 U.S. Dist. LEXIS 87528, *1–2 (W.D. Wash. May

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

18, 2023) (citations omitted). Here, materials that Plaintiff submitted with his application and other public records reveal that Plaintiff is likely a citizen of California. Plaintiff's California citizenship is established from the following:

1. The resume that Plaintiff included with his application to the Seattle-based job states that he is "[c]o-owner and founder of Maitri Wellness Center in Santa Barbara." *See* Declaration of Robert T. Shaffer, III ("Shaffer Decl."), Ex. A, filed concurrently herewith.

2. The Maitri Wellness Center's website lists its address as 5266 Hollister Ave, Suite #203, Goleta, CA 93111. Pankratz Decl., Ex. H.

3. Plaintiff's LinkedIn profile lists his location as Santa Barbara, California, and his current employer as "Artisan Massage and Acupuncture Wellness" based in Goleta, California. Pankratz Decl., Ex. I.

4. The Artisan Massage and Acupuncture Wellness's website lists "Jacob Atkinson, L.Ac, CMT" as the apparent owner/operator, along with its address as 5266 Hollister Ave, Suite 203, Goleta, CA 93111. Pankratz Decl., Ex. J.

5. The abbreviation "L.Ac" stands for licensed acupuncturist. According to the California Department of Consumer Affairs website, Plaintiff is licensed acupuncturist in the State of California, and the address listed on his license is a residential home in Goleta, California. Pankratz Decl., Ex. K.

6. The address for that same residential home is the place where Atkinson was personally served with process in a civil lawsuit pending in Santa Barbara Superior Court. Pankratz Decl., Ex. L.

Given his apparent ownership of two businesses and a home in Goleta, California, Plaintiff's "permanent home, where [he] resides with the intention to remain" appears to be California. *Rapid Readymix Co.*, 2023 U.S. Dist. LEXIS 87528, *1–2.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   WFW&S is a limited liability company organized under the laws of the State of
2   Washington. Shaffer Decl., ¶ 3. "For purposes of diversity jurisdiction, an LLC is a citizen of
3   every state of which its owners/members are citizens." *Rapid Readymix Co.*, 2023 U.S. Dist.
4   LEXIS 87528, *2. As explained in the Shaffer Decl., no members or subsequent layers of relevant
5   control (*e.g.*, trustees of the trust members) are citizens of Washington or California. *See* Shaffer
6   Decl. ¶ 4.

7   As a result, there is complete diversity of citizenship between Plaintiff – whether he is a
8   Washington or California citizen – and WFW&S.

9   **B.     The Amount in Controversy Exceeds $75,000.**

10  The amount in controversy is the "amount at stake in the underlying litigation," and
11  includes, among other things, "damages (compensatory, punitive, or otherwise) and the cost of
12  complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."
13  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). It is the
14  removing party's burden to establish that it is "more likely than not" that the amount in controversy
15  exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

16  Here, first, Plaintiff seeks actual or statutory damages of $5,000, whichever is greater, and
17  his costs and reasonable attorneys' fees pursuant to the fee-shifting provision in Revised Code of
18  Washington 49.58.070(1). Pankratz Decl., Ex. A at p. 7.

19  Second, Plaintiff's attorneys' fees are includable in the amount in controversy, *Chavez v.*
20  *JP Morgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), and the removing party may estimate them
21  at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th
22  Cir. 2016). In this regard, based upon Plaintiff's counsel's fees in similar collective and class
23  action litigation, it is more likely than not that the attorneys' fees at issue in this litigation will
24  exceed $75,000. Indeed, the hourly billable rate of Plaintiff's counsel is $750/hour and his fee
25  awards in recent cases were in the six figures. Pankratz Decl., Ex. M (recent fee declaration filed
26  in Washington Superior Court); Exs. N-Q (fee declarations and/or approvals of $138,600,

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

$204,848.83, $270,000, and $85,000). This litigation may involve a motion to dismiss but will certainly involve extensive discovery and briefing relating to class certification, as Plaintiff seeks to certify a class of "hundreds" of alleged applications, each of whom will inevitably seek $5,000 in statutory damages. Pankratz Decl., Ex. A, ¶ 21. Such litigation typically involves hundreds of hours in attorneys' fees. *See, e.g.*, *Oakley v. Domino's Pizza LLC*, 2021 U.S. Dist. LEXIS 26731, *7 (W.D. Wash. Feb. 11, 2021) (concluding that defendant's estimate of "100 hours to litigate" a wage and hour class action under Washington state law is "reasonable"); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *12 (C.D. Cal. Mar. 3, 2015) ("Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours."). WFW&S anticipates challenging class certification, and its counsel reasonably estimates that, based on recent matters in this District, class certification discovery and briefing will require approximately 200 attorney hours for both Plaintiff and WFW&S. Pankratz Decl., ¶ 17. There should be no question that Plaintiff's counsel will bill at least 94 hours on this matter, which, in combination with the statutory damages of $5,000, satisfies the statutory minimum.

Finally, Plaintiff seeks a service award related to his purported role as class representative. In collective and class action cases, Plaintiff's routinely request an award of $10,000-$20,000. Pankratz Decl., Ex. I-L. WFW&S expects no difference here.

As a result, it is more likely than not that the amount in controversy exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000.

### III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

Based on the forgoing, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, and 1446. The United States District Court for the Western District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

filed this case, in the Superior Court of the State of Washington for King County. 28 U.S.C. § 128(b); 28 U.S.C. § 1441(a). Upon filing this Notice of Removal, WFW&S will furnish written notice to Plaintiff's counsel and will file and service a copy of this Notice with the Clerk of the Superior Court of the State of Washington for King County, pursuant to 28 U.S.C. § 1446(d).

## IV. PLEADINGS FILED WITH COURT

All process and pleadings filed in the instant action from the case file of the Superior Court of the State of Washington for King County, are attached to the Pankratz Declaration filed with this Notice. *See* LCR 101(b).

Respectfully submitted this 13th day of November, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
Adam T. Pankratz, WSBA #50951
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: (206) 693-7057
Facsimile: (206) 693-7058
Email: adam.pankratz@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
Mathew A. Parker, OSBA #0093231
(*pro hac vice* application pending)
The KeyBank Building
88 East Broad Street, Suite 2025
Columbus, OH 43215
Telephone: (614) 494-0420
Facsimile: (614) 633-1455
Email: mathew.parker@ogletree.com

*Attorneys for Defendant Washington Fine Wine & Spirits, LLC*

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2023, I served the foregoing DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following parties:

>Timothy W. Emery, WSBA #34078
>Patrick B. Reddy, WSBA #34092
>Paul Cipriani, WSBA #59991
>EMERY | REDDY PLLC
>600 Stewart Street, Suite 1100
>Seattle, WA  98101-1269
>Telephone:  (206) 442-9106
>Facsimile:  (206) 441-9711
>Email:     emeryt@emeryreddy.com
>           reddyp@emeryreddy.com
>           paul@emeryreddy.com

*Attorneys for Plaintiff Jacob Atkinson*

☒  by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐  by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒  by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 13th day of November, 2023 at Seattle, Washington.

>OGLETREE, DEAKINS, NASH, SMOAK
>& STEWART, P.C.
>
>By: */s/ Cheryl L. Kelley*
>     Cheryl L. Kelley, Practice Assistant
>     cheryl.kelley@ogletree.com

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No. 2:23-cv-01737

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058