Honorable Judge Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON FINE WINE & SPIRITS, LLC, a Washington limited liability company doing business as TOTAL WINE & MORE; and DOES 1–20,<br><br>Defendants. | Case No. 2:23-cv-01737-BJR<br><br>**DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND STRIKE PURSUANT TO FRCP RULE 12(f)** |

Defendant Washington Fine Wine & Spirits, LLC d/b/a Total Wine & More ("WFW&S"), submits this Reply in Support of its Combined Motions to Dismiss Pursuant to FRCP Rule 12(b)(6) and Strike Pursuant to FRCP Rule 12(f), Dkt. 8, and states as follows:

## I. INTRODUCTION

Plaintiff Jacob Atkinson's ("Atkinson") Opposition, Dkt. 19 ("Opp."), confirms that he is not a bona fide job applicant. In the Opp., Atkinson does not dispute that his Complaint and judicially noticeable facts reveal that, from his home in *California*—where he also owns a massage therapy business and is professionally licensed—he identified himself as a "*California* Resident[]" in an online job application that he submitted to WFW&S. This is fatal to Atkinson's case because, as he concedes in the Opp., the EOPA is intended to protect "workers in Washington," specifically

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 1
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

"women and minorities." Opp. at 10. Atkinson is neither.

As reflected in the EPOA's text and its legislative history, the Legislature did not intend the EPOA to be misused as it has been here. Atkinson failed to plead facts showing that he was a bona fide applicant for a position with WFW&S. Instead, he contends that such facts do not matter, and that employers like WFW&S are strictly liable to anyone who submits a job application. But the Legislature never intended the EPOA to be so expansive, and Atkinson's interpretation would lead to absurd and unintended results. In fact, likely in recognition of the spate of RCW 49.58.110 class actions filed by Atkinson and others, on January 12, 2024, a bipartisan group of representatives offered an amendment to RCW 49.58.110, which would, among other things, define "job applicant" to mean "a person who has made and submitted a bona fide application for employment […]." See HB 2349, https://lawfilesext.leg.wa.gov/biennium/2023-24/Pdf/Bills/House%20Bills/2349.pdf. It would also create a safe harbor for employers to cure allegedly defective job postings. Any fair and objective reading of the Complaint and Atkinson's post-hoc Declaration (if it is to be given any weight) demonstrate that Atkinson is a Californian who did not truly intend to gain any employment over a thousand miles away from his home in California in an industry and a position that he had never worked in before.

Next, aside from the fact that Atkinson failed to plead facts showing that he is entitled to relief for alleged violations of the job posting rules of the EPOA, as a so-called applicant, he is not entitled to file a civil action under the EPOA. The EPOA authorizes an applicant to pursue a remedy for alleged violations of RCW 49.58.110 only with the Washington State Department of Labor & Industries ("L&I"). The Opp. offers nothing to dispute this point.

Finally, while Atkinson claims it would be premature to strike his class allegations, the Opp. does not dispute that Atkinson and the putative class members are subject to unique and individualized defenses, such as whether each one of them is a bona fide applicant for employment.

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 2
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  This question cannot be answered on a class-wide basis, but rather, requires a case-by-case

2  assessment of each applicant. This reality is apparent based on the face of the Complaint.

3  For the foregoing reasons, and others below, the Complaint should be dismissed with

4  prejudice. If the Complaint is allowed to survive, then Atkinson's class allegations should be

5  stricken.

6  **II.    ARGUMENT**

7  **A.    Atkinson Failed to Allege That He is a Washington Resident.**

8  It is well established that, when adjudicating a motion to dismiss, "[w]here an exhibit and

9  the complaint conflict, the exhibit typically controls," and that a "court is not bound by the party's

10 characterization of an exhibit and may independently examine and form its own opinions about

11 the document[.]" *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

12 Moreover, "[a]s the Ninth Circuit explained, the liberal pleading policy has its limits, a pleader

13 may assert contradictory statements of fact only when legitimately in doubt about the facts in

14 question, subject to Rule 11 standards." *BKWSPOKANE, LLC v. Fed. Deposit Ins. Corp.*, 2013

15 U.S. Dist. LEXIS 11212, *19, 2013 WL 312389 (E.D. Wash. Jan. 25, 2013).

16 Here, it is undisputed that Atkinson identified himself as a California resident in the

17 application he submitted to WFW&S, and that he attached such evidence to his Complaint:



21 Dkt. 1-1, Ex. 1 (emphasis added). It is also undisputed that the weather report in Exhibit 1 to the

22 Complaint shows that Atkinson was physically located in California when he submitted his

23 application to WFW&S on March 3, 2023. Dkt. 8 at 4–5. Atkinson does not address (much less

24 dispute) these critical facts in the Opp. Atkinson was "the master of his complaint," *Rogers v.*

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 3
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    *Assur. IQ, LLC*, 2023 U.S. Dist. LEXIS 51955, *11 (W.D. Wash. Mar. 27, 2023), to which he

2    attached clear and unmistakable evidence that he is a California resident and that he applied to the

3    WFW&S job from California.  This admission trumps any contradictory residency allegations in

4    the text of the Complaint itself.  *See Forrest*, 507 F.3d at 542.

5         Atkinson's California residency and citizenship is further established by undisputed

6    evidence that WFW&S asked—without ***any*** opposition—the Court to judicially notice.  *See* Dkt.

7    9 at 4; Dkt. 2 ¶¶ 10–14.  Such undisputed records reveal Atkinson's California home, California

8    businesses, California licenses, and California presence for personal service of process.  *Id.*  In

9    fact, Atkinson submitted applications to other Washington-based businesses confirming his

10   California residency and citizenship, including his application to Aaron's LLC, in which he listed

11   his California home address under "Personal Information."  *See Atkinson v. Aaron's LLC*, Case

12   No. 2:23-cv-01742-BJR, Dkt. 26-1.

13        Simply put, Atkinson's own pleadings, judicially noticeable facts, and other applications

14   establish that Atkinson is a California resident and citizen.  Since the EPOA only protects "workers

15   in Washington," *see* Opp. at 10, and it contains no statutory text suggesting that its protections

16   extend outside Washington's borders to California residents, Atkinson lacks standing to bring this

17   suit, and he is not entitled to any relief for an alleged violation of RCW 49.58.110.

18        Unable to dispute these facts, Atkinson argues instead that out-of-state workers are

19   nonetheless protected by the EPOA because the statutory text does not expressly exclude them.

20   Opp. at 9.  Atkinson is wrong.  As the Ninth Circuit has explained, the first step in this inquiry is

21   "whether the statute gives a clear, affirmative indication that it applies extraterritorially."  *Trader*

22   *Joe's Co. v. Hallatt*, 835 F.3d 960, 966 (9th Cir. 2016) (quoting *RJR Nabisco, Inc. v. European*

23   *Cmty.*, 579 U.S. 325 (2016)).  No such indication exists in the EPOA.  Conversely, the "Intent"

24   provision, which the Opp. even references, clearly explains that the EPOA is meant to protect

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 4
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

"workers *in Washington*" and "to reflect the equal status of all *workers in Washington* state." RCW 49.58.005(1), (2) (emphasis added). Thus, since the EPOA does not apply extraterritorially to a California applicant like Atkinson, he is not covered by the statute, and his RCW 49.58.110 claim should be dismissed.

### B.  Atkinson Failed to Allege that He was a Bona Fide Applicant for a Position with WFW&S.

In the Opp., Atkinson does not dispute (nor could he) that his Complaint contains no allegations that he was a bona fide "applicant" who had a good-faith intent to gain employment with WFW&S. *See* Dkt. 8 at 8–9. Instead, Atkinson argues that he "need not allege 'intent' to *accept a position* if it is offered because this element does not exist within the text of RCW 49.58.110." Opp. at 6 (emphasis added). This is a complete non sequitur and it mischaracterizes WFW&S's position.

What WFW&S actually argued is that the EPOA requires "applicants" to have an intent to *gain* employment necessary to qualify for the remedies under RCW 49.58.110. *See* Dkt. 8 at 8–9. This is established by both the legislative history and guidance from L&I. *See* S.B. Rep. ESSB 5761, at 3; Dkt. 8-1 ¶ 8, Ex. T ("L&I will investigate complaints filed by applicants who have applied to a job in good faith with the *intent of gaining employment*." (Emphasis added)). Atkinson's failure to address WFW&S's argument results in a waiver and should be dispositive. *See Thomas v. State Farm Mut. Auto. Ins. Co.*, 2023 U.S. Dist. LEXIS 49836, *5 (W.D. Wash. Mar. 23, 2023) (arguments not addressed in opposition to motion to dismiss are waived).

Regardless, Atkinson repeatedly concedes in the Opp. that the applicant's intent matters under the EPOA. For example, he argues that the Court should infer that he "*intended* to accept if his wage requirements were met," Opp. at 8, that he "*intend[ed]* to work in Washington," *id.* at 10, and that he "*intends* to accept full-time, hourly or salaried work," *id.* at 10–11 (emphasis

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 5
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   added). Indeed, Atkinson even submitted a 28-paragraph Declaration filled with new facts about his alleged "intent." Dkt. 20. As exhibited by the Declaration, Atkinson knows that his intent to gain employment in Washington is an essential element that he was required to allege, yet nothing in the Complaint contains such an allegation. Thus, by failing to allege that he applied to the "Sales Associate" position in good faith with the intent of gaining employment, Atkinson has failed to establish that he is a bona fide "applicant" under RCW 49.58.110. As further explained in Section C below, he should now be estopped from attempting to do so in a desperate, eleventh-hour Declaration in opposition to a motion to dismiss. This is a textbook failure to state a claim under Rule 12(b)(6), thus requiring dismissal.

### C. Even if the Court Were to Consider Atkinson's Declaration, It Proves He is an Inconsistent Plaintiff.

It is black-letter law that a plaintiff cannot stave-off dismissal by submitting new factual allegations with an opposition brief. *See* Echlin v. Asset Sys., 2013 U.S. Dist. LEXIS 10495, *12, 2013 WL 308984, *12 (W.D. Wash. Jan. 25, 2013) ("The Court will not accept the new allegations in [plaintiff's] opposition brief."). Yet that is exactly what Atkinson has attempted to do with the "Declaration of Jacob Atkinson in Support of ***Plaintiff's Motion to Remand***," which was allegedly e-signed on December 1, 2023, but then selectively edited on January 19, 2024. Dkt. 20 (emphasis added). Atkinson's submission of this improper Declaration is a clear attempt to cure his deficient pleadings on residency and intent, and the Court must reject it accordingly.

Notwithstanding, it is worth noting that Atkinson's Declaration is filled with inconsistent statements. For example:

- Atkinson alleges that he has a "Reiki practice from *my home studio* located at 3822 NE 145st, Lake Forest Park, Washington," Dkt. 20 ¶ 8 (emphasis added), yet he fails to disclose that the house is actually owned by his sister, Jennifer Atkinson.

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 6
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

- Atkinson alleges that his termination agreement with The Ritz-Carlton Santa Barbara prevents him from having his own practice in the same geographical area as The Ritz-Carlton, *id.* ¶ 5 and Opp. at 4, yet such a restraint on employment is unlawful under California law. *E.g.*, Cal. Bus & Prof Code § 16600.  Moreover, judicially noticeable facts show that Atkinson does in fact own and operate his own wellness practice mere miles from The Ritz-Carlton. Dkt. 1, Exs. I, J.

- Atkinson alleges that he "decided to move to Washington" in February 2023," Dkt. 20 ¶ 8, yet it is undisputed that, on March 3, 2023, he was in Santa Barbara, California when he identified himself as a California resident in his WFW&S application.

- Atkinson asserts that he "intend[s] to remain in Washington full time" once he "builds [his] practice there," Dkt. 20, ¶¶ 8, 15, yet he conveniently omits any claim that he actually lives full-time in property that he rents or owns in Washington. (The inference is that is at most a visitor or temporary guest in his sister's home.).  Thus, Atkinson is still residing in California where he has resided and worked for decades.

Atkinson's occasional trips to visit his sister in Washington—and the apparent operation of an unlicensed, unpermitted business in his sister's home—does not make him a Washington resident.  Nor does it negate the undisputed fact that he was in Santa Barbara when he identified himself as a California resident in his WFW&S application on March 3, 2023—*i.e.*, weeks after he allegedly "decided to move to Washington."  If the Legislature wanted to extend the EPOA's protections to out-of-state residents who visit family living in Washington, it would have said so in the statutory text.[1]

---

[1] Also disingenuous is Atkinson's claim that WFW&S "will continue [its] discriminatory hiring practicing of withholding pay information." Opp. at 9.  Every job posted by WFW&S since May 15, 2023, has included a pay range.  Here is an example: https://jobs.jobvite.com/totalwine/ job/o3vdrfwW.  Thus, the pay range was made available to Atkinson just weeks after he applied and months before WFW&S rejected his application internally in

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 7
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**D. Atkinson's Statutory Right to "Remedies" Does Not Also Create the Right to File a Privacy Cause of Action.**

The EPOA only provides that the remedies available in certain sections may be available to job applicants and employees. RCW 49.58.110. The remedies sections of the EPOA outline what remedies may be available through a complaint with L&I, *see* RCW 49.58.060, and what remedies may be available through a private right of action, *see* RCW 49.58.070. L&I interpreted this to mean that "*[e]mployees and job applicants* who believe their rights under the Equal Pay and Opportunities Act have been violated may file a complaint with L&I." Declaration of Adam T. Pankratz at Exhibit A, Equal Pay and Opportunities Act, (RCW 49.58) *Employer's Guide* at 7 (emphasis added). Whereas, an "*employee* can file a complaint with L&I for violation of the Equal Pay and Opportunities Act or bring a civil action against an employer. . . ." *Id*. at 9 (emphasis added). Thus, it is unmistakable that the right to file a private right of action is afforded only to *employees*.

Yet, Atkinson, as an alleged job applicant, is attempting to pursue a private right of action under RCW 49.58.070, a right he was not granted by the Legislature. The different methods to seek remedies that may be available to different classes of individuals—employees versus job applicants—is recognized by L&I and is consistent with a plain reading of the EPOA. In other words, applicants and employees are thus entitled to essentially the same relief, though the Legislature decided to provide different procedural means for them to obtain that relief. Even if he was a bona fide applicant (and he is not), Atkinson is not entitled to bring a private cause of action because he was not granted such a right by the EPOA. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (holding that there is no private right of actions unless Congress intended to create

---

August 2023 on grounds that Atkinson was not qualified. Atkinson's claim that WFW&S continues to violate the EPOA lacks "evidentiary support." Fed. R. Civ. P 11(b)(3).

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 8
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  such a right); *Sanai v. Sanai*, No. CO2-2165Z, 2005 WL 1172437 at *18 (W.D. Wash. May 18,

2  2005) ("The Court cannot create a private cause of action where it does not exist in the statute.").

3       **E.    Atkinson Abandoned Counts II and III.**

4       WFW&S argued in its opening brief that Counts II and III of the Complaint seeking

5  injunctive and declaratory relief should be dismissed. Dkt. 8 at 12. Plaintiff did not respond to

6  these arguments. Accordingly, Atkinson abandoned those claims and they should be dismissed.

7  *See Thomas*, 2023 U.S. Dist. LEXIS 49836, *5; *see also, e.g., NW Monitoring LLC v. Hollander*,

8  534 F. Supp. 3d 1329, 1344 (W.D. Wash. Apr. 15, 2021) (dismissing certain claims with prejudice

9  after finding plaintiff abandoned those claims by failing to respond to the motion to dismiss); *Lopez*

10 *v. Wendy's Int'l*, No. CV 11-00275 MMM (JCx), 2012 U.S. Dist. LEXIS 196652, at *17 (C.D.

11 Cal. Sept. 18, 2012) ("The court also notes that plaintiff failed to respond to defendant's motion to

12 dismiss her injunctive relief prayer. Her request for such relief is thus abandoned, and the dismissal

13 is with prejudice.").

14      **F.    WFW&S's Motion to Strike Should be Granted.**

15      Atkinson's only response to WFW&S's motion to strike is that it would be premature to

16 dismiss his class allegations at the pleading stage. Opp. at 11–14. Atkinson is wrong for three

17 reasons.

18      First, Fed. R. Civ. P. 23(c)(1)(A) requires the consideration of class issues "[a]t an early

19 practicable time after a person sues […] as a class representative. . . ." Importantly, Rule 23 does

20 not require discovery or a motion for class certification. In fact, district courts across the country

21 have stricken class allegations where certifiability issues were present at the outset. *See, e.g.,*

22 *Oom v. Michaels Cos. Inc.*, No. 1:16-cv-257, 2017 WL 3048540, at *4-*5 (W.D. Mich. July 19,

23 2017) (granting motion to strike where "fail-safe" class definition included "only those customers

24 that Plaintiffs claim are entitled to relief" and where class could not satisfy typicality,

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 9
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

commonality, or predominance requirements of Rule 23); *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012) (granting motion to strike where overbroad class included persons who purchased product "regardless of whether he or she was ever injured"); *Lawson v. Life of the S. Ins., Co.*, 286 F.R.D. 689, 697 (M.D. Ga. 2012) (granting motion to strike where plaintiff could not satisfy predominance requirement as a matter of law); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 8:12-CV-897-T-30TBM, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (striking class allegations where critical issues to be resolved "will be individual in nature"); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207-08 (M.D. Fla. 2010) (dismissing class allegations as "inappropriate" where claims arose from individualized benefits determinations). Thus, Atkinson's claim of prematurity is wrong.

Second, aside from his claim of prematurity, Atkinson has simply offered nothing to dispel the certifiability issues in his claim, which are present at the outset. Most importantly, if WFW&S's theory of liability is correct, then Atkinson and the putative class members are subject to unique and individualized defenses, including whether each is a bona fide applicant for employment. This determination must be made on a case-by-case basis and based on a number of individualized questions, such as whether the applicant is qualified for the position, whether the applicant is genuinely interested in the role, and whether the applicant intends to gain employment. The reality is that each individual will have different answers to these questions, which will give rise to individualized defenses to the claims of Atkinson and the putative class members. In other words, the question cannot be answered as to all in one fell swoop. No discovery is necessary to recognize this fact, and as a result, the class allegations should be stricken at this early stage.

Third, as shown above, contrary to Atkinson's position, L&I is empowered to enforce and interpret RCW 49.58.110. In doing so, L&I limited the standing of job applicants to the position

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 10
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1 for which they applied. Here, Atkinson seeks to represent a class of applicants who applied for positions that are different than the one for which he applied. As set forth in Administrative Policy Number ES.E.1, L&I explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied for, not for every available job of the employer." Thus, if an applicant is authorized to bring a civil action for a claim under RCW 49.58.110 (which they are not as described above), then they would be authorized to do so only as to the specific job posting for which they applied. Because Atkinson did not apply for every job posting of WFW&S encompassed by his overly-broad Class Definition, he is not an applicant for them, and thus, he is not authorized to pursue a civil action as it relates to those job postings for which he did not apply. Therefore, in the very least, Atkinson's Class Definition should be limited to the specific job posting for which he applied.

## CONCLUSION

For the reasons set forth above, Atkinson has failed to state a claim for relief and his Complaint should be dismissed pursuant to Rule 12(b)(6). The undisputed evidence confirms that there is no basis-in-fact for Plaintiff's claims in this lawsuit. WFW&S, therefore, respectfully requests that the Court grant its Combined Motions to Dismiss and Strike in its favor, and issue such other relief as the Court deems just and appropriate.

Respectfully submitted this 2nd day of February, 2023.

| | |
|---|---|
| I certify that this memorandum contains 3,366 words, in compliance with the Local Civil Rules. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br><br>By: */s/ Adam T. Pankratz*<br>Adam T. Pankratz, WSBA #50951<br>1201 Third Avenue, Suite 5150<br>Seattle, WA 98101<br>Telephone: (206) 693-7057<br>Facsimile: (206) 693-7058<br>Email: adam.pankratz@ogletree.com |

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 11
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

|   |   |
|---|---|
| 1 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 2 | By: */s/ Mathew A. Parker* |
|   | Mathew A. Parker, OSBA #0093231 |
| 3 | (appearing *pro hac vice*) |
|   | The KeyBank Building |
| 4 | 88 East Broad Street, Suite 2025 |
|   | Columbus, OH  43215 |
| 5 | Telephone:  (614) 494-0420 |
|   | Facsimile:  (614) 633-1455 |
| 6 | Email:  mathew.parker@ogletree.com |

*Attorneys for Defendant Washington Fine Wine & Spirits, LLC*

DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 12
Case No. 2:23-cv-01737-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I served the foregoing DEFENDANT WASHINGTON FINE WINE & SPIRITS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND STRIKE PURSUANT TO FRCP RULE 12(f) via the method(s) below to the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101-1269
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

*Attorneys for Plaintiff Jacob Atkinson*

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 2nd day of February, 2024 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *<u>/s/ Cheryl L. Kelley</u>*
Cheryl L. Kelley, Practice Assistant
cheryl.kelley@ogletree.com